**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4802

EDWARD ROBINSON, a/k/a Eddy
Eyeball,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-98-12)

Submitted: July 22, 1999

Decided: August 3, 1999

Before ERVIN, HAMILTON, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin P. Sheehan, SHEEHAN & NUGENT, Wheeling, West Virginia, for Appellant. David E. Godwin, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Lisa Grimes Johnston, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Robinson pled guilty to distributing crack cocaine within 1000 feet of a school (Count Five). <u>See</u> 21 U.S.C. §§ 841(a), 860 (1994). He appeals his 168-month sentence, contending that the district court clearly erred in determining the amount of drugs for which he was accountable, <u>see U.S. Sentencing Guidelines Manual</u> § 2D1.2 (1997), and in finding that he had not accepted responsibility. <u>See</u> USSG § 3E1.1. He also argues that the district court misinterpreted the guidelines by finding that the term "instant offense" includes relevant conduct, and therefore adding two criminal history points under USSG § 4A1.1(e). We affirm.

First, the district court did not clearly err in determining the amount of drugs. <u>See United States v. McDonald</u>, 61 F.3d 248, 255 (4th Cir. 1995). The base offense level calculated in the presentence report included half an ounce of crack that Joe Burt testified he bought from Robinson and thirty-five grams of crack that Edgar Phillips testified he sold to Robinson. Robinson challenged the reliability of both witnesses, alleging that 1992 police reports from Pittsburgh, Pennsylvania, showed that Phillips exaggerated the amount of crack he said he sold to undercover officers in a separate case, and that Burt had falsely reported that he had not moved while on pretrial release in 1997, which resulted in revocation of his bond. The district court concluded that Robinson had not shown with sufficient particularity that the grand jury testimony of either witness was too unreliable to be considered in his case. We agree. Relevant hearsay evidence may be considered at sentencing if it "has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a), p.s. The test is whether the information has "some minimal indicium of reliability beyond mere allegation." <u>United States v. Hicks</u>, 948 F.2d 877, 883 (4th Cir. 1991) (internal quotation and citation omitted). Here, the evidence in question was given under oath in a judicial proceeding,

2

both Phillips and Burt had previously appeared before the district court and the court thus was able to gauge their credibility to some extent, and the evidence they gave was consistent with grand jury testimony from other witnesses.

Second, the district court did not clearly err in denying Robinson an adjustment for acceptance of responsibility when he violated the conditions of his bond by leaving West Virginia without permission and subsequently was arrested in Cleveland, Ohio, and charged with drug offenses involving crack and marijuana. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (standard of review); USSG § 3E1.1, comment. (n.1(b) (district court may consider whether defendant has voluntarily terminated his criminal conduct or associations).

Finally, the district court did not err in determining Robinson's criminal history. We review the district court's interpretation of guideline terms de novo. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). Under USSG § 4A1.1(e), two criminal history points are added if the instant offense was committed within two years of the defendant's release from imprisonment on a sentence counted under subsection (a) or (b). Application Note 5 to USSG § 4A1.1 states that the two points should be "added if the defendant committed any part of the instant offense (i.e. , any relevant conduct) less than two years following release from confinement."

Robinson was released from a six-month jail sentence for resisting arrest and battery on January 12, 1994. In May 1995, he sold crack to an informant making a controlled drug purchase. Additional controlled purchases were made in 1996. The offense of conviction occurred in January 1998. Two points were properly added because the six-month jail sentence was counted under subsection (b) and occurred less than two years before Robinson's May 1995 sale of crack. Robinson argues that the term "instant offense" should not include relevant conduct because it violates the plain meaning of the guideline. See Stinson v. United States, 508 U.S. 36, 42-45 (1993) (guideline commentary is binding unless it violates the Constitution, a federal statute, or plain meaning of guideline). We find that Application Note 5 does not violate the plain meaning of the guideline and that the district court did not err in adding the two points.

3

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4